**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LASHEA MOORE and<br>COURTNEY RANKIN,<br><br>individually and on behalf of all others<br>similarly situated,<br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AXION CONTACT CENTER, LLC<br><br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____<br><br><br><br>COLLECTIVE ACTION |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs LaShea Moore ("Moore") and Courtney Rankin ("Rankin") (collectively "Plaintiffs"), through their undersigned counsel, individually and on behalf of all others similarly situated, file this Class and Collective Action Complaint against Defendant Axion Contact Center, LLC ("Axion" or "Defendant"). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on information and belief as to the acts of others.

## PRELIMINARY STATEMENT

1.　　This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") seeking payment of unpaid wages. Plaintiffs allege that Axion knowingly and improperly failed to pay them and other similarly situated workers overtime compensation for hours worked in excess of forty (40) in a workweek in violation of the FLSA.

1

2.      Plaintiff Moore brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following group of potential FLSA opt-in litigants:

> All individuals who worked for Axion in the position of Team Lead in the United States from June 2023 to the present, and who were paid hourly.

3.      Plaintiff Rankin brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following group of potential FLSA opt-in litigants:

> All individuals who worked for Axion providing call center customer support services in the United States from June 2023 to the present, and who were paid hourly.

## JURISDICTION AND VENUE

4.      Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391, because Defendant has its headquarters in Blue Bell, Pennsylvania, in this judicial district, and a substantial part of the events giving rise to Plaintiffs' claims took place in this district. Specifically, Plaintiffs' weekly paychecks were issued from Axion's headquarters in Blue Bell, Pennsylvania; Plaintiffs' timesheets were processed by Axion at its headquarters in Blue Bell, Pennsylvania; Axion's executive staff worked out of its headquarters in Blue Bell, Pennsylvania, and the decisions regarding Plaintiffs' and collective members' pay took place at Axion's headquarters in Blue Bell, Pennsylvania.

## PARTIES

6.      Axion Contact Center, LLC ("Defendant" or "Axion") is a Pennsylvania corporation which provides telephone customer support services for various clients in the

healthcare industry across the United States. Axion has its headquarters at 350 Sentry Parkway, Bldg 620, Ste, 200, Blue Bell, Pennsylvania.

7.    According to its website, "Axion Contact creates US Based Customer Service Call Center Solutions through creative, personalized strategies that align with your key performance metric."[1]

8.    To provide these services, Axion employed (and continues to employ) multiple workers—including Plaintiffs and Collective Action Members.

9.    Axion employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

10.    Axion's annual gross volume of sales made or business done exceeds $500,000.

11.    Plaintiff LaShea Moore ("Moore") is an individual residing in Clarksdale, Mississippi.

12.    Moore worked for Axion remotely in the position of Team Lead, coordinating the onboarding of call center customer support workers and checking in with them regarding their work assignments between July 2023 and December 2025. Moore was classified by Axion as a W-2 employee.

13.    Pursuant to 29 U.S.C. § 216(b), Moore has consented in writing to participate in this action. *See* Ex. A.

14.    Plaintiff Courtney Rankin ("Rankin") is an individual residing in Taylorville, Mississippi.

15.    Rankin worked for Axion remotely providing call center customer support services

---

[1] https://www.axioncontact.com/about/ (last visited June 15, 2026).

3

for Axion's clients between May 2023 and June 2025. Rankin was classified by Axion as a W-2 employee.

16. Pursuant to 29 U.S.C. § 216(b), Rankin has consented in writing to participate in this action. *See* Ex. B.

## **FACTS**

17. Axion provides telephonic customer support services to various companies in the healthcare industry, including UnitedHealth, Medicaid, Cigna, and UCare, throughout the United States.

18. In order to provide these services, Axion employs workers such as Plaintiffs and Class and Collective Action Members, who perform such customer support services.

19. Axion's website prominently advertises job openings for "Customer Service Representative[s]".[2]

20. Plaintiff LaShea Moore worked for Axion in the position of "Team Lead". In this role, she was responsible for coordinating the onboarding of call center customer support workers and checking in with them regarding their work assignments.

21. Plaintiff Moore was paid by Axion on an hourly basis, and was not paid for time she took off.

22. Plaintiff Moore was scheduled by Axion to work 40 hours per week, and was instructed by her supervisors to only record 40 hours on her timesheet. However, she routinely worked at least six hours each week in addition to her scheduled work time, completing such tasks as answering emails, filling out reports, and completing mandatory job-related training sessions. Axion did not pay her for this additional time.

---

[2] https://www.axioncontact.com/careers/ (last visited June 15, 2026).

23.     Plaintiff Courtney Rankin worked for Axion as an Inbound/Outbound Representative, providing call center customer support services for Axion's clients, including Medicaid. Rankin's duties consisted of speaking with Medicaid customers, identifying what care they need, and connecting them with the appropriate healthcare facilities. Other representatives in Ms. Rankin's department worked with clients including Cigna and UnitedHealth.

24.     Plaintiff Rankin was also scheduled by Axion to work 40 hours a week, and was instructed by her supervisors to only record 40 hours of work per week.

25.     However, as part of her job, Rankin, along with other representatives, was required to complete 4-5 hours of mandatory, job-related training each week. In addition, Rankin spent 5 or more hours each week, outside of her regularly scheduled work hours, responding to emails and completing other administrative tasks for Axion. Axion did not pay her for these additional hours spent completing required work tasks.

26.     Although Axion knew, or should have known, that Plaintiffs and other similarly situated workers were routinely attending mandatory training and performing work tasks for Axion outside of their scheduled work hours, it failed to pay for all hours worked, as required by the FLSA.

27.     Plaintiffs' and other workers' training time was compensable. Under the FLSA, attendance at training programs does not count as working time **only** if four criteria are met, namely: it is outside normal hours, it is voluntary, not job related, and no other work is concurrently performed. 29 CFR 785.27. In this case, the training was required by Axion, and was related to Plaintiffs' and collective action members' jobs.

28.     In addition, although Plaintiffs and Collective Action Members were routinely required by Axion to work more than forty (40) hours per week, they received only a straight hourly rate, and were not paid for hours worked beyond 40 a week. Accordingly, they did not receive one and one-half (1 ½) times their regular rate for hours worked in excess of forty (40) hours per week, as required by the FLSA.

29.     Axion either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay Plaintiffs and collective action members for all hours worked. Plaintiffs and collective action members performed their work after logging onto Axion's computer system; accordingly, Axion knew – or should have known – that they were routinely performing work outside of their scheduled work hours, for which they were not compensated.

30.     Based upon the foregoing, Axion was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

31.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Members defined in Paragraphs 2-3 above, specifically:

a.  All individuals who worked for Axion in the position of Team Lead in the United States from June 2023 to the present, and who were paid hourly; and

b.  All individuals who worked for Axion providing call center customer support services in the United States from June 2023 to the present, and who were paid hourly.

32.     Plaintiffs desire to pursue their FLSA claims on behalf of all individuals who join this action pursuant to 29 U.S.C. § 216(b).

33.     Plaintiffs and collective action members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to Axion's

6

common business and compensation practices as described herein, and, as a result of such practices, have not been paid wages, including the legally mandated overtime compensation for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Axion's common misclassification, compensation and payroll practices.

34.     The similarly situated employees are known to Axion are readily identifiable, and can easily be located through Axion's business and human resources records.

35.     Axion employs many Collective Action Members throughout the United States. These similarly situated employees may be readily notified of this action through email, text message, U.S. Mail, and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

**COUNT I**
**Overtime Compensation under the FLSA**

36.     Plaintiffs and collective action members are not exempt from the overtime requirements of the FLSA.

37.     Plaintiffs and collective action members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

38.     Axion, pursuant to its policies and practices, failed and refused to pay overtime compensation to Plaintiffs and the collective action members for their overtime hours worked – despite the fact that Plaintiffs and collective members were required to work more than 40  hours each week to complete required training and administrative tasks, Axion paid them only for 40 hours per workweek.

39.     Axion knowingly failed to compensate Plaintiff and the Collective Action Members at a rate of 1.5 times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

40.     In violating the FLSA, Axion acted willfully and with reckless disregard of clearly applicable FLSA provisions.

41.     In violating the FLSA, on information and belief, Axion did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs seek the following relief on behalf of themselves and the FLSA Collective:

a.  An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b.  Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA collective action members;

c.  Back pay damages (including unpaid wages and overtime compensation) and prejudgment interest to the fullest extent permitted under the law;

d.  Liquidated damages to the fullest extent permitted under the law;

e.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

f.  Such other and further relief as this Court deems just and proper.

Dated: June 24, 2026

Respectfully submitted,

LASHEA MOORE and COURTNEY RANKIN,
individually and on behalf of others similarly
situated,

Plaintiffs,

By their attorneys,


*/s/Sarah Schalman-Bergen* _____
Sarah Schalman-Bergen
(PA Bar ID 206211)
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
ssb@llrlaw.com


Olena Savytska (*pro hac vice anticipated*)
Harold Lichten (*pro hac vice anticipated*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
osavytska@llrlaw.com
hlichten@llrlaw.com


*Attorneys for Plaintiffs*
*and the Proposed Collective*

9